### TRAVIS, Assignee, &c. agt. HILL *et al.*

Special bail piece, reciting the action *trespass on the case,* put in, to an action brought by *capias* describing the  action  as  *trespass* (for assaulting and having criminal conversation, &c.), is irregular.   Where plaintiff's attorney treated such a special bail piece as a nullity, and, without returning the copy and notice thereof served on him, *or advising defendant's attorney of   [\*247] the mistake, took an assignment of the bail bond to the sheriff, and brought an action thereon ; *held* (although considered sharp practice), that the defendant must pay the costs of the bail bond suit on setting the same aside, without costs of the motion.

*September Term,* 1846. .

MOTION by defendant to set aside the proceedings in this cause, as irregular.

This was a motion to set aside the proceedings of the plaintiff in this cause, which was brought on a bail bond given in a suit, entitled " Supreme Court, Stephen D. Travis agt. Addison Hill," for irregularity or for relief on terms.

The only point was this : The *cápias* in the original suit preceding the *ac etiam* clause read as follows : " in plea of trespass."   And the · special bail piece put in by defendant, after giving the names of special bail, &c., read as follows :

" in a plea of trespass on the case." On the part of the plain-tiff, it appeared that on the 19th of May last, defendant, Ad-dison Hill, was arrested on the *capias* in the original suit, and gave a bail bond to the sheriff to appear in the action, by put-ting in and perfecting special bail, according to the practice of the court. The writ was returnable on the 6th of July, 1846, and was returned on or before the return day. Plaintiff's attorney not having received notice of the appearance of de-fendant in the suit, on the 22d of July last filed his declara-tion *de bene esse*, and more than twenty days having elapsed after the return day of the writ, and the defendant not having put in special bail *to the action*, the plaintiff took an assign-ment of the bail bond given to the sheriff, and brought this action. Defendant showed that special bail was filed on the 23d of July, and copy and notice thereof served on plaintiff's attorney on the 25th of July, together with notice of retainer of defendant's attorneys. Defendant's attorneys stated, they had never received any notice from plaintiff's attorney, relat-ing to the original suit, and that the copy bail piece and no-tice, and notice of retainer had never been returned by plain-tiff's attorney, and they never knew but that the proceedings in reference to the special bail were satisfactory to plaintiff's attorney until this suit was commenced. It appeared that the *ac etiam* in the *capias* was for assaulting and having criminal conversation with the plaintiff's wife.

E. YERKS, *defendant's counsel.*

YERKS & BAILEY, *defendant's attorneys.*

WM. NELSON, *plaintiff's counsel and attorney.*

BRONSON, Chief Justice. The defendant made a mistake in the original action, by putting in bail in a plea of trespass *on the case,* when it should have been *trespass.* After receiving notice of bail, and without advising the defendant of [*248] his error, the plaintiff took an assignment of *the bail bond, and commenced this action. This was pretty sharp practice ; but still, I think the defendant must pay the costs in the bail bond suit on setting aside the pro-

ceedings in that action. No costs will be given on this motion. *Ordered*, that all of the plaintiff's proceedings in this suit be set aside, on defendant's paying the costs of the same, and putting in and perfecting bail in the original action.